# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUILLERMO FERRER,** : | |
| **Plaintiff** : | |
| v. : | **CIVIL ACTION NO. 3:18-2057** |
| **CO1 POTTAGE, et al.,** : | **(Judge Mannion)** |
| **Defendants** : | |

## **MEMORANDUM**

## I. Background

Guillermo Ferrer, an inmate presently confined in the State Correctional Institution, Frackville (SCI-Frackville), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following SCI-Frackville correctional officers: COI Pottage, COI Walter and COII Sgt. Rarick. Id.

Plaintiff states that "on February 3rd [he] went to the hospital to put a cast on [his] left hand." Id. He claims that when he got back from the hospital he told Correctional Officers Rarick, Water and Pottage that he "wanted a handicap cell because of [his] broken left hand" and "they denied the handicap cell because they had no empty cell" and, instead, "put [him] in EB-19 with inmate Luis Colon-Vasquez, #LY8304." Id. Plaintiff states that "5 minutes later

[he] was assaulted by inmate Vasquez." Id. He was then "put in a handicap cell" and "forced to the hospital again because [he] had a fracture to [his] jaw and head" and "also needed another cast due to [him] defending himself." Id. For relief, Plaintiff seeks "$100,000 for the damages that was done to [his] left hand, back of [his] head and [his] jaw." Id.

On January 29, 2019, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule Civil Procedure 12(b)(6), arguing that Plaintiff's action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Docs. 23).

On June 14, 2019, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013)), this Court issued an Order, converting Defendants' motion to dismiss to a motion for summary judgment and allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 18).

On September 3, 2019, Defendants filed a statement of material facts

in support of their motion for summary judgment. (Doc. 25). Although the Plaintiff has had more than ample time to file a brief in opposition to Defendants' motion, he has failed to oppose the motion.[1] As such, the Court will grant Defendants' motion as unopposed.

II. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322

---

[1]By letters dated August 5, 2019, and August 30, 2019, Plaintiff acknowledged receipt of this Court's June 14, 2019 Order converting Defendants' motion to dismiss to one for summary judgment, and informed the Court that he had yet to receive any supplemental filings from Defendants. (Doc. 19, 24). On September 3, 2019, Defendants filed a statement of material facts in support of the motion for summary judgment. (Doc. 25). On September 16, 2019, Plaintiff wrote the Court again, stating, for the first time since filing his action on October 23, 2018, that he is in need of an interpreter. The Court finds that up to this point, Plaintiff has been able to navigate the misconduct process, file administrative grievances and litigate the above captioned action without any indication that an interpreter was necessary. Thus, the Court deems an interpreter unnecessary. Even if an interpreter were appointed, as will be explained infra, the record demonstrates that Plaintiff has failed to exhaust administrative remedies prior to filing the above captioned action. Should Plaintiff be able to factually dispute this finding, the Court would entertain the reopening of the above captioned action upon the filing of a motion for reconsideration. See Federal Rule of Civil Procedure 59.

(1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely

disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

## III. Statement of Facts

On February 3, 2018, Plaintiff received Misconduct Report No. 726917 for fighting. (Doc. 17-5 at 2, Misconduct Report). The misconduct report, written by C/O Walter, reads as follows:

> On the above date and approx time this officer arrived at EB 19 cell (housing I/M Ferrer LN7566 and Colon-Vasquez LY8304) to move I/M Ferrer from EB 19 to EB 24. Upon opening the cell door it was observed by this officer that I/M Ferrer had injuries to his face and blood on his jumpsuit and in the cell. Both I/Ms stated that they were fighting and I/M Colon-Vasquez had a fresh injury to his right hand.

Id. The following immediate action was taken:

> Misconduct is warranted but not eligible for informal resolution due to I/M admitting to fighting. Refer to Hearing Examiner for formal resolution. I/M is currently housed in the RHU under AC status. He will continue this until outcome of hearing.

On February 6, 2018, Plaintiff appeared before Hearing Examiner Jarvis for his disciplinary hearing. (Doc. 17-6 at 2, Disciplinary Hearing Report). The hearing examiner determined the following:

> HEX reviewed video and can see I/M Ferrer brought out, then mattress was brought out and I/M moved to another cell. Via CCTV, handheld camera shows medical assessment. I/M self-admits that he was making his bed I/M kicked him on his side and further states that he and I/M LY8304 Colon-Vasquez were fighting. video #00003.
>
> On 2/6/18 @ 11:34, HEX informed I/M to be xported to outside hospital.

6

Guilty #16 30 days DC consecutive.

Id.

On February 23, 2018, Plaintiff filed Grievance No. 722999, stating the following:

> On Sat. Feb 3 I went to the hospital to put a cast on my left arm I broke fighting on Jan 31, come back from the hospital C/O A. Walter put me on 17 cell my cell EB. C/O Pottage come to my cell and tell me pack your stuff you going to a bottom bunk on 19 cell EB. I tell C/O Pottage I don't want to go on 19 cell with I/M Luis Colon-Vasquez. Me and Luis Colon-Vasquez we have problem and the problem we have Jan. 31 I am got it to fighting with his friend Garcia-Hailes. I tell C/O Pottage I don't want to go on that cell with Colon-Vasquez because my condition on my broken arm. C/O Pottage tell me that he going to give me a misconduct if I refuse. Look my condition my arm I tell C/O Pottage, put me in 24 cell EB, nobody in that cell and he said the Sgt said no. Ok. I am going in 19 cell. I got injuries on my rights side on my face and back on my head.

(Doc. 17-1 at 2, Official Inmate Grievance).

On March 15, 2018, Grievance No. 722999 was denied by Lt. Bly as follows:

> This Officer spoke with Sgt. Rarick and CO Pottage. Both stated that at no time did you bring up any issues with moving to the bottom bunk in EB-19. Both Sgt. Rarick and CO Pottage stated that you and I/M Colon-Vasquez agreed to be cell mates before you were placed in EB-19. Your Grievance is denied.

(Doc. 17-2 at 2, Initial Review Response).

On April 9, 2018, Plaintiff filed an appeal of Grievance No. 722999 to the

7

Facility's Manager, (Doc. 17-3), which was on May 4, 2018 based on the following:

> Your appeal has been received and reviewed as well as all pertinent information. You allege that Lt. Bly did not thoroughly investigate your grievance about your alleged "assault" from inmate Colon on 2/3/18. you claim that you were "beaten to a pulp" and allege that Officer Pottage and COII Rarick violated your 8th and 14th amendment rights, and that the evidence (photos, medical reports, etc) would substantiate this violation. You continue to claim you brought up issues with both officers about moving into the cell with Colon. you also raise irrelevant and alleged facts about I/M Colon. Those items will not be evaluated per the DC ADM 804 they were not cited in the original grievance, nor relevant.
>
> Lt. Bly's reply to your initial grievance was late getting to you but not answered late. I did review the documents from the incident on the 3rd of February and find the following to be true per the documentation. You reported to the officer that wrote you up (COI Walter) that you had a fight with each other. You reported to medical and reported to the nurse that "I got in a fight with my cellie". You had a misconduct hearing 2/6/18 in which you plead guilty to a fight and testified to the HEX that you and Colon were fighting. You, at no point, reported to staff on the 3rd that you were assaulted, did not report it to medical and did not on 2/6 claim it in your hearing. Based on that evidence, and the statements to Lt. Bly from COI Pottage and COII Rarick, you did not bring up to them issues about moving in with Colon as you claim. The facts documented do show a fight but do not substantiate an assault or constitutional violations to you by the officers you cite. Therefore, I uphold the initial response and deny your appeal. You will have appeal rights from the date you receive this reply.

(Doc. 17-4 at 2, Facility Manager's Appeal Response). No final appeal was filed to the Secretary's Office of Inmate Grievances and Appeals.

On October 23, 2018, Plaintiff filed the above captioned action seeking compensatory and punitive damages.

IV. **Discussion**

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of

9

administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

It is clear from the record that Plaintiff has failed to exhaust his administrative remedies before filing the above captioned action. Although the Facility Manager timely responded on May 4, 2018, to Plaintiff's appeal of Grievance No. 722999 regarding Plaintiff's alleged assault, Plaintiff took no further action to appeal his grievance to the Secretary's Office of Inmate

Grievances and Appeals for final review. Thus, it is evident from the record that Plaintiff failed to follow the procedural requirements of grievance procedure and appeal the Facility Manager's denial to the next level of review

Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill v. Gillis, 372 F.3d 218, 222-26 (3d Cir. 2004). Plaintiff's failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In Spruill, supra, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, the record clearly discloses that Ferrer failed to exhaust his administrative remedies with respect to the claims raised herein. Thus, Ferrer has sustained a procedural default with respect to his claims.

Spruill cited with approval the Seventh Circuit decision in Pozo v.

McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). Ferrer offers no evidence to justify his failure to comply with the exhaustion requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's

action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants.

**V. Conclusion**

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative remedies with respect to the claims raised in the instant action. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 30, 2019**
18-2057-01